THELCE CHILDERS v. THE STATE.

*No. 999.    Decided May 13th, 1896.*

#### 1. Continuance—Diligence.

Where an indictment was returned the 25th day of September, 1895, and process for the absent witness was only sued out on the 20th of January, 1896, and returned "not found," on January 25th, the day of the trial. Held: There was an utter lack of diligence in suing out the process and the continuance was properly refused.

#### 2. Bill of Exceptions to Excluded Evidence.

A bill of exceptions reserved to the exclusion of testimony is insufficient which fails to show the materiality of such testimony.

#### 3. Altering a Brand Upon Cattle—Charge.

On a trial for altering the brand upon one head of cattle where the court had charged, "that before the jury could convict they must believe beyond a reasonable doubt that the defendant altered the brand upon said cattle with intent to defraud the owner," it was not error to refuse a requested instruction to the effect, that defendant would not be guilty if he altered the brand with intent to prevent the thief from recovering said cattle.

#### 4. Same—Evidence—Unrecorded Brand—Charge Limiting, etc.

On a trial for illegally altering a brand, where it appeared that the original brand which had been altered was an unrecorded brand. Held: Under the statute, Rev. Stat., Art. 4930, an unrecorded brand being expressly declared to be no evidence of ownership in every case where it is questionable whether the proof of ownership depends upon flesh marks or such unrecorded brand, it is error for the court, whether requested or not to fail to limit such evidence, that is, instruct the jury that the unrecorded brand can be used merely as a flesh mark and not as evidence of ownership.

#### 5. Same—Charge on Circumstantial Evidence.

On a trial for illegally altering a brand upon an animal where defendant admitted to changing the brand upon a certain lost animal, but the identity of the animal was dependant upon circumstantial testimony. Held: The court should have given a charge upon circumstantial evidence.

APPEAL from the District Court of Scurry. Tried below before Hon. ED. J. HAMNER.

Appeal from a conviction of illegally altering the brand upon one head of cattle; penalty, two years' imprisonment in the penitentiary.

The necessary facts are stated in the opinion.

*Smallwood & Smith*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of altering the brand on one head of cattle with intent to defraud, and given two years in the penitentiary, and prosecutes this appeal. Appellant made a motion for a continuance on account of the absence of one Joe Madrall who was alleged to reside in Runnels County. The diligence alleged to have been used for this witness was that process was issued for him on the 20th day of January, 1896, and returned to court "not found" on the day of the trial, which was January 25, 1896. The indictment in this case was returned into court on the 25th day of September, 1895. No reason is shown why process was not issued earlier for said witness. For aught that appears, there was an utter lack of diligence on the part of the appellant in suing out his process. In the application it is stated that the defendant expected to prove by said witness that he assisted in delivering to W. A. Johnson a herd of yearlings, branded PRX, among which, defendant is informed, the State will claim, and witnesses may testify, was the animal he was charged in this case to have stolen, illegally branded, and changed the brand on, and that such delivery was made for the defendant. Defendant expects to prove by said witness that said delivery was made for F. M. Childress, and not for the defendant, and that defendant had nothing to do with said delivery. As this question is presented on motion for a new trial, we look to the record to see whether the absent testimony was material or not. The record shows, as also the certificate of the judge to the bill of exceptions, that the State offered no such testimony as is alleged by the defendant that the State would offer. All the testimony on that subject was offered by the appellant himself, and, so far as the State is concerned, no such issue was presented. Appellant also complains that on the trial of the case he was not permitted to prove by one Frank Parks, a witness for the State, on cross-examination, that it was a notorious fact that there was a good deal of mavericking going on down on the Clear Fork, on the line of Scurry and Fisher counties, during the year 1893. The bill does not show the materiality of this rejected testimony, and we fail to see how the same was material. The appellant excepted to the refusal of the court to give to the jury the following charge: "You are instructed that if you find that the defendant believed that the cattle had been stolen when he saw said cattle, and that defendant did alter the brand upon

said cattle with the intention of preventing the thief from recovering said cattle, then you will find the defendant not guilty of altering the brand with intent to defraud." The court gave a charge "that before the jury could convict the defendant, they must believe beyond a reasonable doubt that the defendant altered the brand upon said cattle with intent to defraud the owner thereof." If the jury were required to find as an affirmative fact that the alteration of the brand was done with intent to defraud, this involved the issue as to whether or not said alteration was done with some innocent intention. We scarcely see, however, that the defense set up by some of the testimony on the line of this charge and embodied in the charge could constitute a legal and valid defense. The idea that the defendant altered the brand on said head of cattle to prevent some one else from stealing it seems to us rather far-fetched. Appellant also complains that the court erred in not limiting in his charge to the jury the purpose of the evidence of the brand as a fact bearing on the identity of the animal, and in not instructing them that they should not consider it any evidence of ownership. No objection was made to the evidence on this subject, and no charge of the character indicated was asked. The brand was not recorded. At least, the record offers no evidence that it had been recorded. The testimony of Lorance as to the ownership of the head of cattle was as follows: That he had lost a red yearling steer with considerable white on him, some time in the spring of 1893; had white in its face, in its flanks, and on the end of its tail. Did not know where it went, but heard it was running over on the Clear Fork of the Brazos, on the line of Scurry and Fisher Counties, and about twelve or fifteen miles from his house, but never saw it there. Never saw it afterwards, unless he saw it in Copping's pasture, several miles north of the range on Clear Fork. Some time in the spring or early part of the summer of that year he was in Copping's pasture, and saw a yearling in there, which he took to be the yearling that he had lost. It had a brand on the left side, PRX, which was in the same place that he had put the ORV brand, but that he would not be positive that it was his yearling. He also stated that the ORV brand could readily be changed to the PRX brand by putting a stem to the O, and extending the V so as to make the lines cross. This witness also testified that he only had two yearlings branded in the ORV brand, and they were the only cattle he knew of branded in that brand in the county. One Gardner also testified that he saw a yearling of the same general description in that range branded ORV, and Will Caldwell testified to the same effect. The latter also testified that subsequently he saw the same yearling, and the brand was changed to PRX, and it appeared to be tolerably fresh. Neither of the two witnesses last named knew anything about the ownership or identity of the animal in question, and spoke only as to its brand. It does not appear directly that Lorance, the owner, knew it by the brand. When he saw it, the brand had been changed; and he speaks as to the change of the brand. He is

not positive about its identity, nor does he speak affirmatively as to identifying the yearling by its flesh marks alone. Evidently the brand must have assisted him as to the identity of the animal and his ownership. If the testimony was clear that the ownership of the animal in question was established outside of the evidence of the brand, then the fact that the court failed to charge upon this issue, and to limit the unrecorded brand as a mere flesh mark, no exception having been taken, the charge in this respect might not be regarded as error; but in this case unquestionably the ownership of the animal depended largely, if not entirely, on the brand ORV, that was on the animal. Article 4930, Rev. Stat., 1895, provides: "No brands, except such as are recorded, by the officers named in this chapter, shall be recognized in law as any evidence of ownership of the cattle, horses or mules upon which the same may be used." This article is imperative, and has been followed in the decisions of this court. And in every case where the fact of ownership depends alone upon an unrecorded brand, and the verdict is procured upon such testimony, it cannot be permitted to stand; and in every case where it is questionable whether the proof of ownership depends upon flesh marks or upon the brand which is unrecorded it is the duty of the court in such cases to limit the testimony of such unrecorded brand—that the same can be used merely as a flesh mark, and not as evidence of ownership as in the case of a recorded brand. And on the failure to so charge, whether asked or not, when the question is raised on motion for a new trial, the same should be granted; and, if not, the case will be reversed in this court. See, Tittle v. State, 30 Tex. Crim. App., 597. Appellant also complains of the failure of the court to give a charge on circumstantial evidence. It is insisted on the part of the State that the appellant confessed to altering the mark on the animal, and that under the decisions of this court it is not necessary to charge on circumstantial evidence. If it were true that the appellant confessed to altering the mark on the identical animal belonging to Lorance, unquestionably it would not be necessary to give a charge on circumstantial evidence. But there was some question as to the identity of the animal. He stated that he had changed the brand upon the same animal that Lorance stated that he had lost, and this gap was filled up by circumstantial evidence that might or might not indicate that it was the same animal. We think that in this case the court should have given a charge on circumstantial evidence. For the errors discussed, the judgment and sentence of the lower court is reversed, and the cause remanded.

*Reversed and Remanded.*

HURT, Presiding Judge, absent.