## Dave Roberson v. The State.

### No. 4308.   Decided March 18, 1908.

**1.—Rape—Charge of Court—Entirety of Charge.**

Where the court's charge upon trial for rape, considered as an entirety, presents the law correctly, a criticism on an isolated part of the charge, will not be considered as a ground for reversal.

**2.—Same—Leading Questions—Unwilling Witness.**

Where upon trial for rape, the prosecutrix was under age of consent, being an unwilling witness, there was no error in permitting counsel for State to put leading questions to her.

**3.—Same—Bill of Exceptions.**

Where the bill of exceptions did not state the answer or the expected answer of the witness, with reference to excluded testimony, the same can not be considered.

**4.—Same—Motion for New Trial—Bill of Exceptions.**

Where upon trial for rape, the defendant objected to a question propounded to the jury by the court, but reserved no bill of exceptions to the action of the court, and the matter was not in any way verified, the same could not be considered on appeal.

**5.—Same—Sufficiency of Evidence.**

Where upon trial for rape the evidence makes out a case, the same is sufficient to sustain a conviction.

Appeal from the District Court of Ellis.

Appeal from a conviction of rape; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*W. P. Hancock* and *Farrar, McRae & Pierson,* for appellant.—On question of insufficiency of evidence: Davis v. State, 42 Texas, 226; Davis v. State, 43 Texas, 189; Baldwin v. State, 15 Texas Crim. App., 275; Blair v. State, 56 S. W. Rep., 622. On question of insufficiency of charge casting burden of proof on defendant: Henderson v. State, 51 Texas Crim. Rep., 193; 101 S. W. Rep., 245; Cooper v. State, 48 Texas Crim. Rep., 608; 14 Texas Ct. Rep., 115; Johnson v.

State, 30 Texas Crim. App., 419; McMillan v. State, 7 Texas Crim. App., 142; Walker and Baker v. State, 37 Texas Crim. Rep., 386.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This is a companion case to Banton v. State, this day decided. What was said in that case will apply with reference to the criticism of the charge in this case. The criticism is substantially the same, and the charges practically the same. There is some little difference in the verbiage, but not of practical value.

Appellant reserved an exception to the action of the court permitting the attorney representing the State to ask the following question: "And that is what he did? I say he got on you there and did it to you?" The objection urged is that the question was leading. The answer of the witness was, "He put it in hisself, I guess." The court qualifies this bill by stating, "It does not show sufficient amount of the examination to enable the court to understand what portion of the testimony it refers to, but the witness was reluctant and the court permitted the State to ask her leading questions. She talked very low, and it was necessary in almost every instance to ask the witness what she said, and have her repeat the answer two or three times before the court, counsel or jury could hear what her answer was." As explained by the court, it was permissible to examine the witness as shown by the bill.

Another bill recites that appellant placed the witness, Lake Carter, on the stand, and among other matters, propounded to her the following question: "Where was it he had intercourse with you? In the house?" The court sustained the State's objection to the question, stating that it was not necessary to go into that matter. Appellant excepted, and requested that witness be permitted to answer for the following reasons: It is admissible for the purpose of showing that this witness, who testified in a trial of the State against Dan Banton, testified that Dan Banton had intercourse with her in the house, and it is for the jury to pass on the credibility of Buna McDaniel, who testified that Dan Banton and Lake Carter were in the front yard and that Lake Carter was under the bottom, and Dan Banton was on top of her and if they did anything in the house she did not know it. It is further urged that said testimony is admissible to show the credibility of the witness, Lake Carter, then testifying. The answer or expected answer of the witness is not stated in the bill, and we are unable to say what her answer would have been. We, therefore, cannot say that any error was committed by this ruling.

One of the grounds of the motion for a new trial alleges that the following question was submitted to the court by the jury, while they were considering their verdict, to wit: "Is the State required to prove where the offense was committed; that is, whether in the house or in the yard? (Signed) J. S. Campbell, Foreman." The question was answered in the negative. This is the only statement of the matter to be found in

the transcript. It is not in any way verified, nor was a bill of exceptions taken to the action of the court. Simply stating this matter as a ground for the motion for a new trial will not authorize its consideration.

It is contended also that the evidence is not sufficient. To this we cannot consent. The State's evidence makes a case.

The judgment is affirmed.

*Affirmed.*