## Ida Porter v. The State.

No. 724.    Decided October 19, 1910.

Rehearing Granted December 21, 1910.

1. **Aggravated Assault—Bill of Exceptions—Charges Refused—Practice on Appeal.**

   It is a rule of practice that special instructions whether given or refused by the trial judge must be authenticated by his signature, and if the record fails to show that such instructions were refused, the appellate court will presume that they were given. Following Jeffries v. State, 9 Texas Crim. App., 598,

**2.—Same—Bill of Exceptions—Practice on Appeal.**

Where the bill of exceptions does not state the answer or the expected answer of the witness with reference to the excluded testimony, the same can not be considered on appeal. Following Roberson v. State, 53 Texas Crim. Rep., 297, and other cases.

**3.—Same—Evidence—Other Transactions—Harmless Error.**

Where the testimony of a witness related to matters occurring in a previous controversy which preceded the assault upon which the prosecution is based, its rejection is not of such importance as to justify a reversal, as the same would not have changed the result.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of aggravated assault, the evidence was conflicting it was a question of fact for the jury.

**5.—Same—Charge of Court—Serious Bodily Injury—Deadly Weapon.**

Where one of the counts in the indictment charged that the assault was made with a deadly weapon, and that by means thereof serious bodily injury was inflicted, and another charged an assault upon an officer while in the discharge of his official duties, and the jury rendered a general verdict of guilty, there was reversible error in not submitting defendant's special instruction defining serious bodily injury, upon which the main charge was silent.

Appeal from the County Court of McLennan. Tried below before the Hon. Tom L. McCullogh.

Appeal from a conviction of aggravated assault; penalty, a fine of $50 and three months confinement in the county jail.

The opinion states the case.

*Taylor & Gallagher,* for appellant.—On question of court's failure to submit defendant's special instruction defining serious bodily injury; Black v. State, 67 S. W. Rep., 113; De los Santos v. State, 31 S. W. Rep., 395.

On question of excluding testimony relating to transaction immediately preceding the alleged assault and defendant's bill of exceptions: Long v. Ry. Co., 85 S. W. Rep., 1048; Cunningham v. Ry. Co., 88 Texas, 534; Adams v. State, 35 Texas Crim. Rep., 285.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—By information filed in the County Court of McLennan County appellant was charged with an aggravated assault upon one J. A. Tilley. The grounds of aggravation were, first, that serious bodily injury was inflicted upon Tilley; second, that the assault was inflicted with a deadly weapon, and, third, that he was at the time an officer in the discharge of his duty, of which appellant had been informed, and which she knew at the time of said assault. On trial she was found guilty as charged, and her punishment assessed at a fine of $50 and three months confinement in the county jail.

The facts are in some confusion, and there is an irreconcilable conflict between the testimony of the witnesses for the State and for the defendant. It is shown by the testimony, however, of all the

witnesses that on the night in question, a few minutes before the assault charged, that there had been a controversy between appellant and one Sparks, also an officer, in which, under some of the testimony, Sparks was the aggressor. Practically all the testimony, however, shows that the controversy with Sparks had ended, that appellant had moved some considerable distance from the place where such difficulty occurred, and that McGinty, who was with her at the time, and over whom the controversy between herself and Sparks had arisen, had left and was not present at the occurrence of the events forming the basis of the prosecution. Tilley testified that when he accosted appellant she had a large knife open in her hands, and was threatening to cut some white man, and was cursing and swearing, and using offensive and belligerent language, and that he sought to take the knife from her, advising her of his official position; that she declined to give up the knife, undertook to cut him, and that in endeavoring to arrest her and prevent injury to himself he struck her, and that she returned the blow, cutting him in the eye and cheek.

1. The court gave, as far as it went, a correct charge. This was supplemented by seven special charges given at the request of counsel for appellant in which practically every issue arising in the testimony was submitted in a manner most favorable to appellant. We find in the record a number of special instructions—seven in number—which do not appear by endorsement of the county judge to have been either given or refused. There is in the record a marginal entry that would suggest that these charges were refused, but they are in no manner authenticated as refused by the court. As was said in the case of Smith v. State, 27 Texas Crim. App., 50: "It is a rule of practice in this State that special instructions, whether given or refused by the trial judge, must be authenticated by his signature, and if the record fails to show that such instructions were refused the Appellate Court will presume that they were given." Jeffries v. State, 9 Texas Crim. App., 598.

2. We find in the record a number of bills of exception to the exclusion of evidence, some of which we can not consider for the reason that they do not distinctly set out what the answers of the witness would have been. It is well settled in this State that where the bill of exceptions does not state the answer or the expected answer of the witness with reference to the excluded testimony, the same can not be considered. Roberson v. State, 53 Texas Crim. Rep., 297; White v. State, 32 Texas Crim. Rep., 625; Childress v. State, 37 Texas Crim. Rep., 392; Bailey v. State, 37 Texas Crim. Rep., 579; Adams v. State, 35 Texas Crim. Rep., 285; Rodgers v. State, 34 Texas Crim. Rep., 612. Some of the bills are sufficiently definite, however, to be excepted from this rule, but all of the testimony so offered relates to occurrences in the controversy with Sparks or to conduct of the witness Tilley after the assault upon him and having relation to a subsequent plea of guilty on the part of appellant for

disturbing the peace. This testimony was offered as tending to show motive, interest and bias, and was probably admissible for this purpose, but in view of the unquestioned attitude of the witness we think could have added little, if any, weight to his evident hostility to appellant, and if admitted the testimony could not have changed the result.

3. On the trial an application was made for continuance on account of the absence and for the lack of the testimony of Garfield Lander. The testimony of this witness relates to matters occurring in the controversy with Sparks, which preceded the assault which is the basis of this prosecution. We do not think that this was a matter of such importance as would have justified or required the court to have continued the case.

4. As we have stated, there is a decided conflict in the testimony. If the evidence of the State witnesses is to be conceded to be true, it can not be doubted that the State has made out a case. If the testimony of appellant is true, the conviction is an outrage, and the conduct of Tilley and others with him yet more unwarranted and unwarrantable. The jury on a fair submission, however, has seen proper to credit the testimony of the State, and we do not believe, as presented, we would be authorized to interfere.

Finding no error in the record, it is ordered that the judgment of conviction be and the same is hereby in all things affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

#### Decided December 21, 1910.

RAMSEY, JUDGE.—When the opinion in this case was delivered it was shown by the record then before us that certain special charges requested appeared not to have been endorsed either given or refused and as the record then appeared these matters were not the subject of review. By certiorari duly perfected it is made to appear that all of these charges were in fact marked refused by the court.

Among other charges so requested was the following: "A serious bodily injury means in law an injury which gives rise to apprehension—an injury which is attended with danger to life. Now, if you should believe from the evidence that the defendant did cut the witness Tilley with a knife, and did inflict an injury upon him, but have a reasonable doubt whether such injury was one attended with danger to the life of said Tilley, you can not convict the defendant of aggravated assault and battery under the count of the information charging that the defendant inflicted serious bodily injury upon said Tilley." The indictment in the case charged that the assault was made with a knife, which was alleged to be a deadly weapon, and that by means thereof there was inflicted serious bodily injury upon Tilley, and that the assault was committed upon him while in the discharge of his duties as an officer. The verdict in the case was gen-

eral. The court submitted all of the issues on which the assault was declared to be an aggravated one. There was in the charge of the court no definition at all of what constituted serious bodily injury. While the special charge was not perhaps technically accurate, it was substantially so and was sufficient to call the attention of the court to the error in his charge and in substance, at least, should have been given.

For the failure of the court to give an instruction covering this matter so called to his attention, the motion for rehearing will be granted, the judgment of affirmance set aside and the cause reversed and remanded.

*Reversed and remanded.*

McCord, Judge, absent.