RAY v. STATE.

No. 18318.

Court of Criminal Appeals of Texas.

May 13, 1936.

Rehearing Denied June 17, 1936.

J. A. Johnson and Chandler & Chandler, all of Stephenville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for theft of cattle; punishment, two years in the penitentiary.

There are no bills of exception in the record. We think the facts are sufficient. Appellant and one Caldwell hired Brandon and Hodges to haul a truckload of cattle for them to Forth Worth and there sell them. Brandon and Hodges went to appellant's place on the night of May 1, 1935, and being aided by appellant and Caldwell, they loaded into a truck nine head of cattle and took them to Fort Worth, where they were sold and the money was turned over to appellant by Mr. Brandon. Appellant did not take the stand, nor introduce any testimony. The cattle sold were branded Z Y on the left hip, which was the brand of Mr. J. E. Smith, the alleged owner, whose pasture lay near the home of appellant. Mr. Smith, who was an old man, testified that he lost a number of cattle along about the time these were taken. Appellant had a conversation with Mr. Thomas in regard to these cattle. He claimed to Mr. Thomas that he bought the cattle from Dick Smith, a son of Mr. J. E. Smith.

The court submitted the case to the jury under the law of circumstantial evidence, and there is no complaint of the charge in this regard. Appellant excepted to the charge for its failure to instruct the jury that he should be acquitted if he bought the cattle in question from Dick Smith. The charge appearing in the record before us contains a very definite instruction to the jury to acquit appellant if he did so purchase the animals from Dick Smith.

Appellant has another exception to the charge of the court. In substance, that the court should have told the jury that he should be acquitted unless the state had shown the falsity of the exculpatory statements made by appellant to Mr. Thomas, above referred to. In our opinion the court did submit the substance of said proposi-

tion to the jury when he told them that if they believed Dick Smith sold appellant the cattle, or had a reasonable doubt thereof, they should acquit him.

Finding no error in the record, the judgment is affirmed.

On Motion for Rehearing.

CHRISTIAN, Judge.

In his motion for rehearing appellant contends that the fact of ownership of the cattle depends alone upon an unrecorded brand; and that, therefore, under the holding of this court in Tittle v. State, 30 Tex.App. 597, 17 S.W. 1118, and Childers v. State, 37 Tex.Cr.R. 392, 35 S.W. 654, the judgment should be reversed because of the insufficiency of the evidence. Appellant overlooks the fact that article 4930, Rev. St.1895, after being carried forward in the revision of 1911 as article 7160, was amended by the Acts of 1913, c. 69, p. 129. Prior to the amendment said article read as follows: "No brands except such as are recorded by the officers named in this chapter shall be recognized in law as any evidence of ownership of the cattle, horses or mules upon which the same may be used."

The amended statute (article 6899, R.S. 1925) provided: "No brands, except such as are recorded as provided in this chapter, shall be recognized in law as any evidence of the ownership of the cattle, horses, or mules, upon which the same may be used; provided, that this shall not apply in criminal cases."

Prior to the amendment of the statute the court held in Tittle v. State, supra, and Childers v. State, supra, that an unrecorded brand alone was not sufficient evidence of ownership. Subsequent to the amendment, this court held that unrecorded brands were recognized in criminal cases as evidence of ownership of cattle, etc. Sullenger v. State, 79 Tex.Cr.R. 98, 182 S.W. 1140. Article 6899, supra, was repealed by Acts 1929, 41st Leg., c. 22. We quote from 39 Tex.Jur., p. 323, as follows: "Formerly it was the rule that unrecorded brands could not be admitted to prove ownership except in criminal cases (R.S., Art. 6899). But this statute was repealed in 1929, in order to simplify procedure in the trial of the right of property where the ownership of livestock is in dispute."

It might be added that the owner of the cattle testified, without objection, in part, as follows: "I know I had that brand on record as long as—though may be about two or three years—two or three years before I owned cattle enough to have any branded."

The testimony showed that appellant stated to a witness for the state that he had bought the cattle from Dick Smith, the son of J. E. Smith, the alleged owner. He also stated to the witness that he knew Mr. Smith's brand at the time he bought said cattle. The evidence to the effect that the stolen animals carried Mr. Smith's brand was uncontroverted. In his testimony, Dick Smith denied that he sold said cattle to appellant.

We deem the evidence sufficient to support the judgment of conviction.

The motion for rehearing is overruled.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.