**William ANDREWS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0270–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 13, 1982.

As Corrected May 20, 1982.

Rehearing Denied July 15, 1982.

Discretionary Review Refused Dec. 8, 1982.

**6** ■

Darryl McAlexander, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before EVANS, C. J., and DOYLE and STILLEY, JJ.

## OPINION

EVANS, Chief Justice.

The appellant was convicted by a jury of promoting obscene material and sentenced by the court to three days imprisonment and a $750 fine.

In his first ground of error, the appellant contends that the trial court erred in failing to require the prosecutor to read the information to the jury and in failing to allow him to read his plea to the jury.

Tex.Code Crim.Pro.Art. 36.01 provides as follows:

A jury being impaneled in any criminal action, the cause shall proceed in the following order:

1. The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07.

2. The special pleas, if any, shall be read by the defendant's counsel, and if the plea of not guilty is also relied upon, it shall also be stated.

■ The record does not affirmatively reflect that the appellant was not properly arraigned and allowed to plead to the information; nor does the record show that the alleged procedural omissions were brought to the attention of the trial court. Thus, this court must presume that the defendant was properly arraigned and permitted to plead to the indictment. Tex.Code Crim. Pro.Ann. art. 44.24(a); *Boening v. State,* 422 S.W.2d 469 (Tex.Cr.App.1967). The appellant's first ground of error is overruled.

In his second, third, and fourth grounds of error, the appellant contends that the trial court erred in its charge to the jury, because, in applying the law to the facts, the charge allowed the jury to convict without first finding that the magazine in question was obscene. The appellant complains that the charge assumes a disputed fact and constitutes an improper comment upon the weight of the evidence, suggesting to the jury that the magazine is, in fact, "obscene" and contains "patently offensive representations of actual or simulated sexual intercourse, anal intercourse, and oral sodomy."

Tex.Penal Code Ann. Sec. 44.23(c) provides that it is an offense for a person to promote or possess with intent to promote any obscene material, knowing its content and character. The word "promote" is defined by the Statute as including the sale of such material. Tex.Penal Code Ann. Sec. 43.21(a)(5).

The word "obscene" is defined in Tex.Penal Code Ann.Sec. 43.21(a)(1) as follows:

(1) "Obscene" means material or a performance that:

(A) the average person, applying contemporary community standards, would find that taken as a whole appeals to the prurient interest in sex;

(B) depicts or describes:

(i) patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated, including sexual intercourse, sodomy, and sexual bestiality; or

(ii) patently offensive representations or descriptions of masturbation,

excretory functions, sadism, masochism, lewd exhibition of the genitals, the male or female genitals in a state of sexual stimulation or arousal, covered male genitals in a discernibly turgid state or a device designed and marketed as useful primarily for stimulation of the human genital organs; and

(C) taken as a whole, lacks serious literary, artistic, political, and scientific value.

The term "patently offensive" is defined in Sec. 43.21(a)(4) as follows:

(4) "Patently offensive" means so offensive on its face as to affront current community standards of decency.

In its charge to the jury, the trial court applied the law to the facts as follows:

Therefore, if you believe from the evidence beyond a reasonable doubt that the defendant, William Andrews, in Harris County, Texas, on or about the 7th day of August, 1980, did, knowing the content and character of the material, intentionally sell to O. W. Farrell *obscene material, namely one magazine entitled "Swedish Erotica No. 25" which depicts and describes patently offensive representations of actual or simulated sexual intercourse, anal intercourse and oral sodomy,* then you will find the defendant guilty of the alleged offense.

If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty. (emphasis added)

It is the appellant's contention that under this charge, the jury was not required to find that the magazine was obscene, and that the underlined language in the charge removed from the jury's consideration the necessity of finding that essential element of the offense before it could convict. The appellant also contends that the charge affirmatively labeled the magazine as being obscene, and that this constituted an improper comment on the weight of the evidence.

■ The question of whether certain material is obscene under "contemporary community standards" is a matter of fact to be determined by the jury. *Berg v. State,* 599 S.W.2d 802 (Tex.Cr.App.1980). Where a fact is at issue, the State is required to prove, and the trial court may not assume, such fact in its charge, unless: (1) it is one of which the court may take judicial notice; (2) the accused has judicially admitted the fact; or (3) the fact concerns certain types of physical or tangible evidence as outlined in *Marlow v. State,* 537 S.W.2d 8 (Tex.Cr. App.1976).

■ The court's charge in the instant case does, in effect, assume as established two essential facts: (1) that the magazine in question is "obscene material," and (2) that it depicts and describes "patently offensive" representations of actual or simulated sexual intercourse, anal intercourse and oral sodomy. Thus, the court's charge may have erroneously led the jury to believe that it could convict the appellant if it found he sold the magazine, even if it did not find the magazine to be obscene. The trial court erred in overruling the appellant's timely objection to the charge, and the appellant's second, third and fourth grounds of error are sustained.

Because the case will be remanded for a new trial, the court will consider the appellant's remaining grounds of error concerning appropriate instructions in the court's charge. In his grounds of error five and six, the appellant asserts that the trial court erred in refusing his requested instructions on "prurient interest" and "prurient interest in sex." In his seventh ground of error, he contends that the trial court improperly defined the term "patently offensive."

■ The term "prurient interest in sex" is not defined in the present Penal Code, and the term must be construed in accordance with the technical and particular meaning which it has acquired from prior judicial review. *Red Bluff Drive Inn, Inc. v. Vance,* 648 F.2d 1020, 1026 (5th Cir. 1981, cert. den'd, *Theatres West Inc., v. Holmes,* —— U.S. ——, 102 S.Ct. 1264, 71 L.Ed.2d 453). In the former Penal Code, the legislature defined "prurient interest" as follows:

"Prurient interest" means a shameful or morbid interest in nudity, sex, or excretion that goes substantially beyond customary limits of candor in description or representation of such matters.*

The above statutory definition is essentially the same as that requested by the appellant and approved by the court in *Red Bluff*, citing the opinion of the United States Supreme Court decision in *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).

The term "prurient" is not common or widely used outside the context of obscenity cases, and the public may not be presumed to know its meaning. The court in *Red Bluff* held that the failure of the present statute to define "prurient interest" did not render the statute unconstitutionally vague, since the courts must construe the term in light of its prior meaning in the judicial system. The court left open the question of whether a conviction may be overturned because the trial court failed to instruct a jury on the meaning of the term.

■ We now hold that because the term "prurient interest in sex" has been interpreted by the courts and by our legislature, and since the appellant timely objected to the court's failure to define the term for the jury and provided the court with an essentially correct instruction, the trial court's refusal to so charge the jury was error. Because the element of obscenity requires proof that the material appeals to a "prurient interest in sex," the definition of "prurient" is a matter directly in issue. Thus, the failure of the court to properly define the term "prurient interest in sex" was calculated to injure the appellant's rights and denied him a fair and impartial trial. Tex.Crim.Code Ann. Art. 36.19 (Vernon 1981); *Porter v. State*, 60 Tex.Cr.R. 588, 132 S.W. 935 (1910). The appellant's

fifth and sixth grounds of error are sustained.

In his seventh ground of error, the appellant asserts that the trial court erred in instructing the jury on the definition of "patently offensive," because the court's definition employed a standard of community *decency* rather than community *tolerance*. The appellant objected to the definition in the court's charge and requested the following instruction:

The contemporary community standard referred to in these instructions is set by what is, in fact, tolerated by the contemporary adult community as a whole and not by what you personally feel the contemporary adult community standard ought to be.

Ascertainment of this standard must be based upon an objective determination of what affronts, and is unacceptable to the contemporary adult community as a whole relating to materials which depict or describe sexual conduct.

You may not determine the issue of the obscenity of this material based exclusively on your own personal, social or moral opinions as to this material.

In determining the question of whether the material charged herein goes beyond contemporary community standards you may consider any evidence relating to the context of the exhibition or sale of the material in this case, to wit, an exhibition or sale only to adults in an adult bookstore from which minors were excluded. Such evidence may be considered by [sic] in determining whether the material if exhibited or sold in the circumstances heretofore described by [sic] you is within the contemporary community standards of the adult community as that term has been defined for you.

However, there is no indication that a "specially susceptible audience" was involved in this case, and it was not error for the trial court to deny the appellant's instruction including the final portion of the above definition.

* The statutory definition continues as follows: If it appears from the character of the material or the circumstances of its dissemination that the subject matter is designed for a specially susceptible audience, the appeal of the subject matter shall be judged with reference to such audience. Section 43.21(3) (Vernon 1974).

In trying to ascertain whether this material depicts or describes patently offensive representations or descriptions of sexual conduct, you must try to determine what is the present level of tolerance in the adult community concerning materials depicting or describing sexual conduct such as that, if any, depicted in the material which is the subject of this prosecution. If you find that the adult community tolerates similar portrayals of men and women as are found in that material, then you must find the material not obscene.

If after considering all of the evidence bearing on the issue of contemporary community standards you find that the material does not exceed the contemporary community standards in the depiction or description of sexual conduct, then you must find the material not obscene.

 The word "decency" is generally defined as propriety of conduct, speech, and behavior conforming to approved social standards. The word "tolerance" is generally defined as the capacity for or practice of recognizing and respecting the opinions, practices, or behavior of others. The two words have very different connotations when used in terms of public opinion, as "decency" refers to society's willing approval of behavior, and "tolerance" to its reluctant acceptance of behavior. The Fifth Circuit has stated that a charge which instructs the jury to judge allegedly obscene material by standards of community decency, rather than of community tolerance, violates First Amendment guarantees of freedom of expression. *Red Bluff, supra,* citing *Smith v. U. S.,* 431 U.S. 291, 97 S.Ct. 1756, 52 L.Ed.2d 324 (1977). The court's charge in the case at bar improperly charged the jury that they might convict the appellant if they found the magazine in question was so offensive on its face as to affront current community standards of decency. This charge permitted the jury to evaluate the magazine not as an expression which the community regards as intolerable, but as an expression which the community regards as being less than decent. Thus, the court's

definition was erroneous, and for the reasons previously stated, the court's charge constituted reversible error.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.