**Bill Dee STATEN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–82–828CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 24, 1985.

See also 662 S.W.2d 672.

Michael Maness, Houston, for appellant.
Timothy Taft, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and
CANNON and ELLIS, JJ.

OPINION

ELLIS, Justice.

Bill Dee Staten appeals a jury conviction
for promotion of obscenity in violation of
TEX.PENAL CODE ANN. § 43.21 and
§ 43.23 (Vernon Supp.1985). The trial
court assessed punishment at thirty days'
confinement and a five hundred dollar fine.
Appellant presents six grounds of error.
We affirm.

Appellant, a clerk in an adult bookstore,
did not testify in his own behalf. The
following information is taken from the
testimony of Houston Police Department
Vice Officer, G.P. Gillespie. In the course
of his undercover operations, Officer Gilles-
pie entered the bookstore, selected a maga-
zine enclosed in a clear cellophane wrapper
from the shelves, then placed it face down
on the counter in front of appellant. Offi-
cer Gillespie then stated, "I hope it's good,"
whereupon appellant allegedly responded,
"Yeah, it is." Appellant accepted payment,
placed the magazine in a paper sack, and
handed it to the officer. The officer testi-
fied that there was an adults only sign
outside the store, no magazines were
present other than ones similar to the one
sold, and sexual devices were also dis-
played for sale. Appellant appeared to be
the only employee on duty.

We have reviewed the magazine in
question and have made an independent
determination that the material contained
therein is constitutionally obscene. *See
Andrews v. State,* 652 S.W.2d 370, 383–384
(Tex.Crim.App.1983) (en banc). The maga-
zine, entitled "Disco Cowgirl," contains
photographs and written descriptions of

patently offensive representations of ultimate sex acts. The average person, applying contemporary community standards in the state of Texas, would find that the magazine taken as a whole would appeal only to those having a prurient interest in sex. This material is hard-core pornography and lacks serious literary, artistic, political, or scientific value. *See Miller v. California*, 413 U.S. 15, 24, 93 S.Ct. 2607, 2614, 37 L.Ed.2d 419 (1973).

Appellant contends that his conviction must be reversed because the State presented insufficient evidence to prove beyond a reasonable doubt that he knew the "content and character" of the magazine sold, as required by the statute. Appellant asserts that the record merely shows (1) that he had the *opportunity* to view the back cover of the magazine and, (2) that he assured the customer that the merchandise was good, as any salesman would. He argues that this evidence is insufficient to prove that he actually knew he was selling obscene material.

As authority for his position, appellant cites *Shealy v. State*, 675 S.W.2d 215 (Tex. Crim.App.1984) (en banc). The *Shealy* opinion indicates in dicta that the prosecution must prove that a defendant had knowledge of the content and character of a magazine by more than the fact that he viewed covers containing sexually explicit pictures. Appellant alleges that even if he did in reality see the cover of the magazine, this fact would still be inadequate according to *Shealy* to prove that he knew the magazine's content and character.

■ In judging the sufficiency of the evidence, we review the record in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Skinner v. State*, 652 S.W.2d 773, 776 (Tex.Crim. App.1983) (en banc). We believe the evidence was adequate to convict. The United States Supreme Court has stated, "Eyewitness testimony of a bookseller's perusal of a book hardly need be a necessary element in proving his awareness of the contents.

The circumstances may warrant the inference that he was aware of what a book contained, despite his denial." *Smith v. California*, 361 U.S. 147, 154, 80 S.Ct. 215, 219, 4 L.Ed.2d 205 (1959). The circumstances in the present case are sufficient to allow a reasonable jury to infer that appellant was aware of the nature of the business and that he knew the content and character of the magazine. *See also Beier v. State*, 681 S.W.2d 124 (Tex.App.—Houston [14th Dist.] 1984, pet. granted).

Although *Shealy* says one may not judge a book by its cover, surely the covers of such a magazine and a defendant's opportunity to view them are still elements of evidence which, when combined with other relevant evidence, would allow a jury to convict beyond a reasonable doubt. The covers of this magazine contain highly explicit photographs of sex acts between a man and a woman; for example, a picture of a partially clad male actually performing sodomy on a nude female and a picture of a partially clad female performing fellatio on a partially clad male. These pictures portray actual, not simulated, sex acts. The other relevant elements in this case are as follows: (1) an adults only sign outside the store; (2) no "regular" magazines such as *Time* or *Newsweek*, only ones similar to the one sold; (3) sexual devices (bullet-shaped vibrators) displayed for sale; (4) appellant's response that the magazine was good; and (5) the fact that appellant appeared to be in sole and exclusive control of the store. While no *one* element is adequate to convict, the combination of all the elements listed above, along with the magazine's covers and appellant's opportunity to view them, are sufficient to allow the jury to find appellant guilty of promotion of obscenity.

■ We are aware of a similar case from the Houston First Court of Appeals that reaches the opposite conclusion: *Gonzales v. State*, 676 S.W.2d 437 (Tex.App.—Houston [1st Dist.] 1984, pet. filed). This case relies heavily on *Shealy*'s language in holding the evidence insufficient. We cannot agree with the First Court of Appeals

that *Shealy* allows a jury to completely ignore the magazine's cover and all the other circumstances of the sale. The cover of a magazine should be considered as one brick in the wall of circumstantial evidence needed to convict a defendant under this statute. We believe our approach is not in conflict with *Shealy* and is the better method of interpreting and enforcing the obscenity statute. We will adhere to this approach until the Court of Criminal Appeals instructs us further. This ground of error is overruled.

Appellant next contends in three grounds of error that the trial court improperly instructed the jury that it should evaluate the magazine in terms of the community standards of "tolerance" within the geographical region of Harris County. Appellant acknowledges that he requested these instructions. However, he contends that they allowed the jury to convict him under an improper standard, since the instructions should have been worded in terms of the community standards of "decency" within the state of Texas. He argues that this fundamental error requires reversal.

The Court of Criminal Appeals has stated that use of the term "decency" instead of "tolerance" in TEX.PENAL CODE ANN. § 43.21(a)(4) is not unconstitutional. *Andrews v. State*, 652 S.W.2d at 381. In upholding the statute, the Court of Criminal Appeals indicated that it makes no difference whether the term "decency" or "tolerance" is used in the statute, so long as the legislation provides sufficient guidance to the trier of fact in identifying material that is obscene according to the judgment of the average person in the community. The court expressed its satisfaction that the statute provides the necessary guidance. The Court of Criminal Appeals has further defined the geographical "community" as a state-wide region, not merely a county area. *Brewer v. State*, 659 S.W.2d 441, 442 (Tex.Crim.App.1983) (en banc).

■ With reference to the jury charge in question, we find that use of the standard of "tolerance" within the geographical

area of Harris County, while not technically correct, was not fundamental error. As he states in his brief, appellant specifically requested this charge in reliance upon the decision of the Houston First Court of Appeals that use of the standard of "decency" in the obscenity statute was unconstitutional. *Andrews v. State*, 639 S.W.2d 4, 9 (Tex.App.—Houston [1st Dist.] 1982), *aff'd in part and rev'd in part*, 652 S.W.2d 370 (Tex.Crim.App.1983) (en banc). Appellant claims he should not be penalized for relying on the law as it stood at the time of trial. However, we do not feel that appellant has been penalized by the circumstances of this case.

■ Appellant was tried under the community standard of "tolerance." "Tolerance" is a more lenient concept than "decency" and operates in favor of a defendant charged with promotion of obscenity. *See also Andrews*, 639 S.W.2d at 9. However, even with the standard of "tolerance," the jury was still able to properly identify the material in question as being obscene. *See Andrews*, 652 S.W.2d at 377–382. Secondly, use of the large metropolitan area of Harris County was also more favorable to appellant than use of a state-wide area that would include the generally more conservative views of citizens in the smaller cities and rural areas of Texas.

■ We will not reverse a case for an improper jury charge unless the error was "calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." TEX.CODE CRIM.PROC. ANN. art. 36.19 (Vernon 1981). In appellant's case, the jury charge operated in his favor, was specifically requested by his counsel, and still allowed the jury to properly identify obscene material according to the spirit of *Andrews v. State*, 652 S.W.2d 370 (Tex.Crim.App.1983) (en banc). Since we do not find the error to be fundamental, appellant is in no position to complain of the wording in a charge that he requested. *See Ayers v. State*, 606 S.W.2d 936, 938 (Tex.Crim.App.1980). These three grounds of error are overruled.

Appellant next contends that the evidence fails to establish that the magazine depicts representations of simulated anal intercourse, sexual intercourse, and sodomy, as alleged in the criminal information. The information specifically alleged "representations of *actual* and *simulated* anal intercourse, sexual intercourse, and sodomy." (Emphasis added). Appellant asserts that the conviction must fail because the evidence only revealed depictions of *actual* activities and no *simulated* activities. However, the State may charge in the conjunctive and prove in the disjunctive. *See Zanghetti v. State*, 618 S.W.2d 383, 387–388 (Tex.Crim.App.1981). We also overrule this ground of error.

Finally, appellant contends that TEX.PENAL CODE ANN. § 43.21 and § 43.23 (Vernon Supp.1985) are unconstitutional under the First and Fourteenth Amendments to the Constitution of the United States because they define community standards in terms of "decency" rather than "tolerance." The Texas Court of Criminal Appeals foreclosed this argument in *Andrews v. State*, 652 S.W.2d at 370, and appellant acknowledges that he has included this ground of error to preserve his right to Federal habeas corpus review.

Because we find no reversible error, we affirm the judgment of the trial court.