RUBE SULLENGER v. THE STATE.

No. 3883. Decided January 19, 1916.

Rehearing denied February 23, 1916.

**1.—Theft of Cattle—Charge of Court—Requested Charges.**

Where, upon trial of theft of cattle, the requested charges were covered by the court's main charge, and others which were refused should not have been submitted, there was no reversible error on that ground.

**2.—Same—Circumstantial Evidence—Charge of Court—Rule Stated.**

If defendant admits that he did the killing in a homicide case, or the taking in theft, or that he did the act which constitutes the factum probandum, whatever be the offense charged, it is not necessary to submit a charge

on circumstantial evidence. Following Flagg v. State, 51 Texas Crim. Rep., 603, and other cases.

### 3.—Same—Charge of Court—Direct Evidence—Rule Stated.

Where an act has been proved by direct evidence, a charge on circumstantial evidence is not required because the intent with which the act was committed is sought to be established by circumstances. Following Usher v. State, 47 Texas Crim. Rep., 93, and other cases.

### 4.—Same—Charge of Court—Claim of Right.

Where, upon trial of theft of cattle, the defendant claimed that the taking of the alleged cattle was under a claim of right by reason of his purchase, and the court submitted this issue in defendant's favor, there was no reversible error.

### 5.—Same—Sufficiency of the Evidence.

Where, upon trial of theft of cattle, the evidence was sufficient to sustain the conviction, there was no error on that ground.

### 6.—Same—Charge of Court—Purchase.

Where, upon trial of theft of cattle, defendant's claim of purchase from a certain party necessarily embraced his claimed possession by virtue of purchase, it was unnecessary to charge specifically that defendant purchased the animals from a certain party; the court's main charge sufficiently covering this issue.

### 7.—Same—Evidence—Theory of Defense—Brand.

Upon trial of theft of cattle, there was no error in admitting testimony about defendant's taking and possession, etc., of a red cow, as he claimed that he purchased her, neither was there any error in admitting testimony as to the brand of the owner of said cattle, under the Act of March 31, 1913.

### 8.—Same—Jury and Jury Law—Challenge for Cause—English Language.

Where the record on appeal, from a conviction of theft of cattle, showed that one of the jurors could neither read nor write the English language sufficiently, and could not understand all that was asked him touching his qualifications as a juror, and would have to guess at a part of the testimony that he heard on the trial, he should have been challenged for cause, defendant's peremptory challenges having been exhausted. Following Lyles v. State, 41 Texas, 172, and other cases.

### 9.—Same—Discretion of Court—Qualification of Juror.

While a large discretion is vested in the trial judge in passing upon the qualification of a juror, yet where the bill of exceptions clearly showed that a juror is disqualified and was forced upon the defendant over his objections, the same is reversible error.

### 10.—Same—Amending Bill of Exceptions—Practice on Appeal.

In the absence of any fraud or bad faith on the part of the appellant or his attorney in procuring a bill of exceptions which correctly showed the action of the lower court in holding that the juror was qualified, a motion to postpone to amend such bill of exceptions in the lower court, by adding thereto, can not be entertained or allowed on appeal.

### 11.—Same — Statutes Construed — Practice — Appeal — Proceedings Suspended.

Article 916, Code Criminal Procedure, provides that the effect of an appeal is to suspend and arrest all further proceedings in the case in the court below; except under certain contingencies, but this court is not called upon in this case to pass upon such exceptions because no such question arises here.

12.—Same—Practice on Appeal—Delay—Postponement—Amendment.

This court can not sanction the practice of delaying a decision to await the action of the lower court at another term to amend a bill of exceptions which was allowed and filed in the lower court, in the absence of a showing of fraud or imposition in procuring said bill of exceptions; and where a bill has been properly agreed to, filed and approved in the lower court, and the term of said court has expired it can not be amended or attacked without showing fraud. Following Howard v. State, 178 S. W. Rep., 506, and other cases.

Appeal from the District Court of Randall.    Tried below before the Hon. Hugh L. Umphres.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*R. R. Hazlewood, Frank Ford,* and *Veale & Lumpkin,* for appellant.— On question of reasonable explanation and the insufficiency of the evidence: Daniel v. State, 60 Texas Crim. Rep., 515, 132 S. W. Rep., 773; Norwood v. State, 20 Texas Crim. App., 306; Gilliland v. State, 7 S. W. Rep., 241; Pylee v. State, 62 Texas Crim. Rep., 49, 136 S. W. Rep., 464.

On question of brand: Alexander v. State, 5 S. W. Rep., 840.

On question of ownership and possession: Bailey v. State, 20 Texas Crim. App., 68; Alexander v. State, 24 id., 127.

On question of original taking: Davis v. State, 68 Texas Crim. Rep., 400, 152 S. W. Rep., 1094; McKnight v. State, 70 Texas Crim. Rep., 470, 156 S. W. Rep., 1188.

On question of circumstantial evidence: Faulkner v. State, 15 Texas Crim. App., 115; Schlitz v. State, 20 id., 308.

On question of disqualified juror: Ethridge v. State, 8 Texas Crim. App., 133, and cases cited in the opinion.

Upon question of charge of court on purchase: Hall v. State, 69 Texas Crim. Rep., 332, 153 S. W. Rep., 902; Burrus v. State, 172 S. W. Rep., 981; Ward v. State, 71 Texas Crim. Rep., 310, 158 S. W. Rep., 1126.

*C. C. McDonald,* Assistant Attorney General, and *Henry S. Bishop,* District Attorney, for the State.

PRENDERGAST, PRESIDING JUDGE.—This is an appeal from a conviction for cattle theft, with the lowest punishment assessed.

In view of the disposition we shall make of this case, we see no necessity of making any statement of the testimony. We have carefully considered all of the special charges requested by appellant. Those presenting any proper charge were covered by the court's charge. None of the others should have been given.

Mr. Branch, in his Criminal Law, section 203, so aptly lays down the rules which show when a charge on circumstantial evidence is unnecessary, we quote them with approval:

"If defendant admits that he did the *killing* in a murder case, or the *taking* in theft, or that he did the *act* which constitutes the *factum*

*probandum,* whatever be the offense charged, it is not necessary to charge on circumstantial evidence."

"Where an act has been proved by direct evidence, a charge on circumstantial evidence is not required because the intent with which the act was committed is sought to be established by circumstances."

Mr. Branch cites many cases of this court, which are in point, establishing both these rules. We deem it unnecessary to copy them here, but cite the following, some of which he cites: Usher v. State, 47 Texas Crim. Rep., 93; Huffman, 28 Texas Crim. App., 174; Flagg v. State, 51 Texas Crim. Rep., 603; Houston v. State, 47 S. W. Rep., 468; Alexander v. State, 40 Texas Crim. Rep., 407; Barnes v. State, 53 Texas Crim. Rep., 629; Baxter v. State, 43 S. W. Rep., 87. A large number of additional cases could be collated, but we deem it unnecessary.

Several witnesses testified, in substance, that appellant admitted the taking of the cow with which he was charged by the indictment of stealing, a black muley cow, the property of H. M. Jackson. His defense was that he bought the cow, and that his taking of her was under a claim of right by reason of his purchase. These questions were properly submitted in his favor by the court's charge.

The circumstantial and positive evidence was amply sufficient to sustain the verdict that appellant stole the cow and was also amply sufficient to show that his claimed purchase was false, and that his claim that he took the cow under such claim, was also false.

Paragraphs 5 and 6 of the court's charge also covered appellant's said defense sufficiently, so that it was unnecessary to charge specifically that, if appellant bought the cow from one Smith, to acquit him. Under the testimony his defense of claimed purchase from Smith necessarily embraced his claimed possession by virtue of his claimed purchase.

Appellant has various bills to the testimony of several witnesses about his taking and possession, etc., of a red cow. This testimony was all admissible, because of his claimed defenses. And the court correctly ruled in every instance, as presented by his bills on that subject. Neither does any of his bills about Jackson's brand and the testimony of the several witnesses on that subject show any error. This character of testimony is admissible since the amendment of article 7160 of the Revised Statutes by the Act of March 31, 1913, page 129, the amendment to that article providing that it shall not apply in criminal cases. Neither does any of appellant's bills to testimony that was offered present any error. They are numerous. We have considered them all, but think it unnecessary to discuss any of them in detail.

Appellant's first bill of exception to the court's refusal to sustain his objection to the juror Herman Meyers shows that said juror was a German, had lived in America only about five years; that he could read and write the English language a little bit only, and that he could only understand a little English, just enough to tell what people were talking about and did not understand all that was asked him touching his qualifications as a juror, and that, if he was taken on the jury, he could not understand all that was said and would have to guess at a

part of it from what he heard. The bill further shows that this juror was forced upon appellant over his objections after he had exhausted all of his peremptory challenges on other jurors, more objectionable than he was. This question has been so thoroughly considered and discussed by the opinions of this court and of the Supreme Court when it had criminal jurisdiction that we deem it unnecessary to discuss it here. We merely cite the cases where the question has been discussed and decided. Lyles v. State, 41 Texas, 172; Etheridge v. State, 8 Texas Crim. App., 133; McCampbell v. State, 9 Texas Crim. App., 124; Nolen v. State, 9 Texas Crim. App., 419; Mitchell v. State, 33 S. W. Rep., 367. For this error alone it will be necessary to reverse and remand this cause.

Appellant's bills challenging the juror Currie presents no error.

Reversed and remanded.

*Reversed and remanded.*

## ON REHEARING.

### February 23, 1916.

PRENDERGAST, PRESIDING JUDGE.—The State urges that this court erred in holding that the juror Meyers was disqualified as shown by appellant's bill No. 1, as held in the original opinion. We have again examined this question and the authorities applicable thereto and are confirmed in our opinion that the holding of this court was correct.

The State contends, and we think properly, that a large discretion is vested in the trial judge in passing upon the qualification of a juror. While this is true, when an appellant's bill, properly allowed and approved by the trial judge, clearly shows that a juror is disqualified, and the appellant made the proper objection and preserved the question by proper bill, then the trial judge could not be held to properly exercise his discretion in holding the juror qualified. If the law is that a juror is disqualified, this court could not sanction the holding of a trial court to the reverse, or in the very face of the law.

The State further seeks to have this court postpone action on its motion for a rehearing in order to enable it to make a motion in the trial court to, in effect, amend said bill of exceptions by now adding thereto all of the testimony of said juror on his *voir dire* examination, claiming that, if now permitted to so add to and amend said bill, the whole examination of said juror will show that the action of the court in holding him qualified was correct, and thereby prevent a reversal. The State does not contend that any fraud or bad faith on the part of the appellant or his attorney was practiced in procuring and the judge allowing and approving said bill. In fact, as we understand, the reverse of this is conceded.

At least since the adoption of our Code of Criminal Procedure in 1856 our statute has been (art. 916): "The effect of an appeal is to suspend and arrest all further proceedings in the case in the court in which the conviction was had until the judgment of the appellate court

is received by the court from which the appeal was taken," with certain provisos and exceptions since added not applicable to this question. It has always been held by this court that this statute means what it says and says what it means. It is true that, during the term of court at which a conviction is had, upon the proper motion and service thereof, the court, having the proceedings and the judgment still in his control, can make the record and every part thereof "speak the truth; and if, through mistake or otherwise, a bill of exceptions is shown not to be truthful or to certify facts and matters which did not occur, the court, upon proper notice to the interested parties, has authority to make the matter appear of record as it actually occurred." (Cain v. State, 42 Texas Crim. Rep., 211.) But this must be while the trial court has jurisdiction and control over its orders and the papers in the cause. It may be that, even after the adjournment of court, upon proper motion and notice, where a fraud has been perpetrated on the court, it would have power and authority to correct it, and this court might recognize such power and authority under such circumstances, but we are not called upon in this case to make any such holding, because no such question arises here.

The State, in its motion, attaches the affidavit of the trial judge, in which he swears the juror Meyers did answer as shown in bill of exceptions No. 1, but he says all of his answers and the questions to him are not included in the bill. If that be true (and we have no question as to the truthfulness of the judge's statement) it was his duty before approving that bill to include all the questions and answers and to so modify and qualify the bill as to make it give all of the facts; and, if he did not do so at the proper time, this court can not sanction such a practice as is asked by the State in this case of delaying a decision here to await the action of the lower court at another term to so amend the bill of exceptions, which was allowed and filed in time as authorized and required by law. We again will state we are not discussing a question where fraud and imposition is charged in procuring a bill. This court has always held that; after bills of exceptions and statements of facts have been properly agreed to and approved and filed in the lower court and the term has expired, they can not be amended nor attacked without showing fraud. It is unnecessary to collate the cases, but as to statement of facts see some of the cases collated in Vernon's C. C. P., in his notes on pages 811-812. The same principle applies to bills of exceptions. See also Howard v. State, 77 Texas Crim. Rep., 185, 178 S. W. Rep., 506; Bizzell v. State, 72 Texas Crim. Rep., 442, 162 S. W. Rep., 861; Pye v. State, 71 Texas Crim. Rep., 94, 154 S. W. Rep., 222; Merrell v. State, 70 S. W. Rep., 979; Lara v. State, 95 S. W. Rep., 1083; Rainey v. State, 20 Texas Crim. App., 484; Lindley v. State, 11 Texas Crim. App., 284.

The motion is overruled.

*Overruled.*