## Jettie Smith v. The State.

No. 18366.   Delivered October 14, 1936.
Rehearing Denied January 6, 1937.

The opinion states the case.

*Adams & McAlister,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the offense of theft of a hog, constituting a felonious offense of like nature of which he had theretofore been convicted, and

his punishment was assessed at confinement in the state penitentiary for a term of four years, the highest penalty prescribed by law for said offense.

Appellant's first contention is that the court erred in declining to sustain his motion to quash that part of the indictment charging former convictions of similar offenses with a view of enhancing the punishment. He contends that there is no averment as to the time, place, or the court in which the former convictions were had; that the indictment is insufficient in that it fails to allege that the offenses of which he was formally convicted were less than capital and cites us to the case of Helsley v. State, 80 S. W. (2d) 962. In that case the indictment just uses the word "felony" without stating that it was one carrying a penalty less than capital; neither did it specify the offense, but in this case the indictment charges that he had been theretofore convicted of cattle theft which is a felony less than capital. It is alleged in the indictment that on the 3rd day of February, 1932, and the 19th day of December, 1922, the defendant was convicted in said court of similar offenses, to-wit: theft of cattle. It is obvious that the time of the former convictions are definitely charged and the words "in said court" have reference to the court mentioned in the formal part of the indictment as no court other than the District Court of Polk County is stated anywhere in the indictment. Hence the words "in said court" refer to the court theretofore mentioned.

Appellant's next contention is that the evidence is insufficient to warrant and sustain his conviction. The uncontradicted testimony shows that on or about the 29th day of January, 1935, appellant appeared at a slaughter house in Beaumont with fourteen hogs in a truck which he offered for sale. A constable and a deputy sheriff noticed that the ears of the hogs had been cut off recently and were still bleeding. They arrested the appellant, took charge of the hogs and later turned the hogs and appellant over to the sheriff of Tyler County who notified the people living near the county line of Polk and Tyler County that he had in his possession some fourteen hogs. Mr. Fuller, who inspected the hogs, identified them as his property. He testified that they were taken from his possession without his consent. Appellant did not testify or offer any testimony except a pardon for his conviction of theft of cattle in the year 1922. He did, however, through his attorneys admit that he was the same person who was on the 3rd day of February, 1932, convicted in the District Court of

Polk County of the offense of theft of cattle. We think the evidence sufficient to sustain the conviction.

Appellant in due time objected to paragraph three of the court's charge on the ground that it was a charge on the weight of the evidence; that the former convictions should not have been submitted to the jury as it could only serve to prejudice the jury against him. The charge not only required the jury to find beyond a reasonable doubt that defendant was guilty of theft of the hogs as charged in the indictment, but in addition they were required to find that he had been theretofore in 1932 convicted in the District Court of Polk County of the offense of theft of cattle.

Appellant's objection to the court's charge on the ground that it failed to instruct the jury with reference to the punishment which they might impose upon him in case they found him guilty is deemed to be without merit. Appellant's former conviction of theft of cattle in 1932 was not only proven by the State, but was also admitted by him; and the jury found him guilty of theft of the hog as charged in the indictment and also found that he had theretofore been convicted of theft of cattle, but fixed no punishment. Upon the verdict being returned by the jury the court entered judgment assessing the punishment for the theft of the hog at confinement in the state penitentiary for a term of four years, being the highest punishment prescribed by art. 62, P. C., 1925, upon a second conviction for a like or similar offense. The jury could not have assessed his punishment at a less or longer period of time. Hence there was no error in the court's failure to submit the question of punishment to the jury. See Gerard v. State, 91 Texas Crim. Rep., 374, where a similar question as the one presented here was decided adversely to the appellant's contention.

Appellant's complaint of the court's charge in failing to instruct the jury upon the law of a reasonable explanation of the possession of recently stolen property when his possession was first questioned is without merit. Such an issue was not raised. Appellant made no explanation of his possession of the recently stolen hogs. The only explanation he made was with reference to the recently mutilated earmarks. All other matters complained of have been considered by us and deemed to be without merit.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have again gone over this case in the light of the urgent and vigorous motion for rehearing filed by appellant. Doubtless the facts could have been more closely connected so as to have made more positive the identity of the hogs seen in appellant's possession at Beaumont on January 29, 1935, as those of Mr. Fuller, the alleged owner, but we think facts sufficient to justify the jury's conclusion that they were the stolen hogs were put before them. Appellant lived a few miles from Fuller in Polk County. On the morning of January 29, 1935, appellant went to the city abbatoir at Beaumont with fourteen hogs in his truck, the ears of all, or all but one, of which were freshly marked or the old marks mutilated. Appellant was there arrested and put in jail. A constable and a deputy sheriff were together in the transaction. The constable testified that he delivered these same hogs to the sheriff of Tyler County, whose county seat we know to be Woodville. The sheriff of Tyler County testified that he went to Beaumont and got from the sheriff of Jefferson County fourteen hogs, which he took to Woodville and put in the pound pen; that Mr. Fuller came to Woodville, saw these same hogs, and identified three of them. Mr. Fuller swore that he went to Woodville and identified as his three of the fourteen hogs in the pound pen, which he lost about January 29th. He testified that Mr. Holliday brought those hogs to Corrigan in Polk County where he, Fuller, got them back. Purvis swore that he and Holliday hauled from Woodville to Corrigan fourteen hogs which they got at Woodville by permission of the sheriff and which at Corrigan they put in Simmonds' pen. Magee swore that he looked at some hogs in Simmonds' pen at Corrigan on or about January 29th and identified three of them as belonging to Fuller. Appellant was convicted for the theft of one hog, the property of Fuller.

Appellant also insists that the charge of the court with reference to the fact that he had been theretofore convicted of theft in 1932, was erroneous and did not present the law correctly. We have again gone over this matter and are not able to agree with appellant. The court in one paragraph of his charge told the jury that if they believed from the evidence beyond a reasonable doubt that Jettie Smith did fraudulently

take one hog from the possession of Fuller without his consent, with intent to deprive Fuller of the value of the same, and to appropriate it to the use and benefit of the said Smith, and that the said Smith is the same party who was convicted of a ffelony of the same nature, to-wit: theft of cattle in 1932, as alleged, in Polk County, Texas, and that the conviction in 1932 became final, and that after the same became final he committed the offense of the theft of a hog from Fuller, as alleged, then they should find him guilty. We see no possible fault to find with this method of submission, and the only complaint that could be made of it is that the court might have separated the two things and put them in separate paragraphs, but as we view the record the jury were told that they would have to believe beyond a reasonable doubt that appellant had, at a time prior to the commission of the instant theft, been convicted of the other theft, and that it had become final before the instant theft was committed, before they could find him guilty. We do not think the charge given ambiguous, or that the two parts of said paragraph are inconsistent with each other, or in any way in conflict. Certainly it can not be contended that the giving of said paragraph singled out or laid undue emphasis upon the fact of appellant's former conviction. It required the jury to find beyond a reasonable doubt that he had been convicted in 1932, and that such conviction became final. This was one of the issuable facts in this case, and the instruction regarding same is believed by us to be correct.

Not being able to agree with appellant's contentions, the motion for rehearing is overruled.

*Overruled.*

MORROW, P. J., absent.