JOHNNIE PHARISS V. THE STATE.

No. 20500. Delivered June 14, 1939.
Rehearing Denied October 18, 1939.

The opinion states the case.

*Aubrey Davee,* of Brady, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of a violation of the liquor laws of this State, and by the jury fined $500.00.

We have examined the affidavit and information and are of the opinion that they properly charge a violation of the law.

Complaint is made relative to the affidavit and information in that it is contended that the same charge the possession of intoxicating liquor for the purpose of sale in a dry area, and the contention being that the purpose of the vote at the time same was taken which resulted in making such area dry, that the only proposition voted upon at such time was the sale of intoxicating liquors in such area and not the possession for the purpose of sale.

This question has been before this court heretofore and decided adversely to appellant's contention. See opinion on rehearing in Price v. State, 109 S. W. (2d) 198; Ferguson v. State, 110 S. W. (2d) 61; In Cropper v. State, 111 S. W. (2d) 709, we held, in substance, that an order of the commissioners court prohibiting the sale of intoxicating liquors in a certain dry area, pursuant to an election, authorizes a prosecution for the possession of intoxicating liquor for the purpose of sale. To the same effect is our holding in French v. State, 112 S. W. (2d) 719; Herbert v. State, 114 S. W. (2d) 549, and many other cases.

Appellant's bill of exceptions No. 1 complains because of the fact that the trial court permitted the State to prove by two witnesses, A. P. Mercer and J. T. Prewitt, that they found on certain premises, across a public lane from appellant's place of business, 12 pints of whisky and 3 pints of gin, and to the exhibition of such liquor before the jury.

In order to understand the theory upon which this liquor was admitted it is necessary to set out some of the facts proven herein. One of these two witnesses, an employee of the State Liquor Control Board, testified that two days prior to the finding of the above exhibited liquor he had driven up to appellant's premises after dark and told him, appellant, that he would like to have a pint of whisky. Upon being asked by appellant what kind of whisky he desired, the witness answered a pint of "Ten High." Appellant said he did not have that brand, but did have "Calvert's Special," and upon the witness saying that he would take "Calvert's Special," the appellant said, according to Prewitt's testimony: "All right, I will get it for you," "and walked from the side of the car where he was standing and talking to me directly in front of my car, with the lights shining on him, out onto and down a little trail which leads across the street west from the filling station and to a patch of weeds and got a pint of whisky and brought it back and gave it to me and I paid him $1.50 in cash for it. The person who sold me the pint of whisky that Sunday night is the same Johnnie Phariss who is on trial here today in this case. I was with A. P. Mercer when we got the whisky which Mr. Mercer has testified about. Johnnie Phariss went down the same little trail that Mercer has testified about when he went out and got the pint of whisky for me Sunday night and he got the pint of whisky for me at the same place we found the whisky. This was out at the end of a little trail leading directly across the street west from the Phariss filling station building in Brady, in McCulloch County, Texas, a distance of about 15 or 20 yards and at the end of the little trail. I do not think this is on Johnnie Phariss' premises but the trail leading out to where the whisky was located by Mr. Mercer and I, which we got, and upon which this case is based, stopped where the whisky was located."

It then appears from the facts that two days thereafter these two witnesses went down that same trail, where appellant had gone two nights before, and they found the 12 pints of whisky and 3 pints of gin in some weeds and covered up with some tin. We think that the appellant having previously gone to such place, and having brought back therefrom whisky

and sold the same, that he was sufficiently connected up with the possession of the remaining whisky to form the basis of strong circumstantial evidence that such whisky and gin was his property.

We also note that the court gave an approved charge on circumstantial evidence.

Bill No. 2 complains of the court allowing the witness J. T. Prewitt to testify relative to the purchase of the pint of "Calvert's Special" from appellant two days prior to the time the 12 pints of whisky and 3 pints of gin were found. There is no merit in this contention. The State could prove any transaction of such character within the period of limitation, and the fact of this sale and the trip across the lane at the time of such purchase would go far to show that the liquor found at such point two days thereafter was the property of appellant. It would also be rather convincing that such was possessed for the purpose of sale.

We think bill of exceptions No. 3 is without merit and requires no discussion.

Bill No. 4 is an exception to a portion of the court's charge because it is urged that same shifts the burden of proof to the defendant, and intimates that a verdict of guilty should be rendered in this case. The portion objected to is as follows: "Now, therefore, if you believe beyond a reasonable doubt from the evidence in this case that the defendant, Johnnie Phariss, possessed an intoxicating beverage, to-wit, whisky and gin in McCulloch County, Texas, for the purpose of sale, on or about the date alleged, you will find the defendant guilty and assess his punishment at a fine of not less than $100 nor more than $1000, or by imprisonment in the county jail for not more than 1 year; but if you do not so believe, you will find the defendant 'not guilty' and so say by your verdict."

We do not think this charge susceptible to such construction.

Bill of exceptions No. 5 complains of the court's refusal to give a requested charge on the proposition as to the ownership of the exhibited liquor, and to tell the jury that they must believe beyond a reasonable doubt that such liquor was in the possession of appellant before they could convict him. We think that the just above quoted portion of the charge should answer this exception.

We have examined all the remaining bills and find no merit in the same.

We find no error reflected by this record, and this judgment is affirmed.

## ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant predicates his motion for rehearing upon an objection to the evidence of witnesses as to finding whisky and gin not far from appellant's place of business, and also to the introduction in evidence of said articles, the objection being that the officers had no search warrant.

The statement of facts reveals that the whisky and gin were not found on appellant's premises.

Objection to search without warrant of premises not belonging to accused cannot be successfully urged against receipt of the evidence so obtained, as search of another's premises is no invasion of the rights of accused. Craft v. State, 107 Tex. Cr. R. 130, 295 S. W. 617; Haynes v. State, 110 Tex. Cr. R. 553, 9 S. W. (2d) 1043; Duncan v. State, 111 Tex. Cr. R. 633; 13 S. W. (2d) 703; Salinas v. State, 113 Tex. Cr. R. 142, 18 S. W. (2d) 663; Moss v. State, 135 Tex. Cr. R. 181, 117 S. W. (2d) 428.

The motion for rehearing is overruled.