HENRY HAROLD WARE v. THE STATE.

No. 23769. Delivered October 22, 1947.
Rehearing Denied December 10, 1947.

*J. Walter Friberg,* of Wichita Falls, for appellant

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

The opinion heretofore delivered herein on June 18, 1947, is hereby withdrawn and the following substituted therefor:

Appellant was charged in the first count of an indictment with having burglarized the store of Earl G. Sledge in Clay County for the purpose of committing theft on Dec. 28, 1946, and in a further count it was alleged that prior to the commission of the above alleged offense, appellant had been convicted on February 3, 1944, of an offense of like character in the District Court of Tarrant County, Texas, in cause No. 45,152, styled State of Texas v. Henry Harold Ware, and said latter conviction became final before the commission of the above first alleged offense. Appellant was convicted and a penalty of twelve years assessed against him from which conviction he appeals.

Appellant complains because the trial court required the jury to find him guilty, not only of the offense of the burglary first charged in the indictment, but also of the prior burglary charged therein to have been committed in Tarrant County, the guilt of both of which burglaries they must find beyond a reasonable doubt before they could convict appellant herein.

We find that had the court so desired, he could have instructed the jury relative to the recent offense and given the penalty therefor, and could have gone further and instructed the jury relative to the earlier offense in Tarrant County and told them that they could enhance the punishment if they found he had been theretofore convicted of the prior offense as alleged in the second count. We have held, however, that when the trial court coupled both offenses together, he could submit them to the jury jointly, thus being more liberal to an accused than the law required, but such liberality could not be complained of by an accused. See Punchard v. State, 142 Tex. Cr. R. 531, 154 S. W. (2d) 648, in which case we held that a charge of similar import to the one here under consideration "was more favorable to appellant than that insisted upon by him, because, under the charge, although the jury may have believed appellant guilty of the primary offense, yet they were required to acquit him if they entertained a reasonable doubt as to his guilt under one of the allegations of prior conviction."

In a conviction under Art. 62, P. C., it being under an allegation of a second felonious offense, it was not necessary for the jury to find the amount of punishment, the statute itself fixing the maximum penalty provided therefor in the event of a conviction. See Smith v. State, 131 Tex. Cr. R. 472, 99 S. W. (2d) 937; Gerard v. State, 91 Tex. Cr. R. 374, 238 S. W. 924.

There are bills of exception to certain argument to the jury by the State's attorney. Nowhere in said bills is it shown that such argument was not invited by that of appellant's attorney. Furthermore, we do not think error is shown in any of such bills. The only argument complained of which was not withdrawn by the trial court seemed to have been a legitimate deduction from the facts.

Appellant was arrested at what was shown to have been the home of one Butler in the City of Dallas in Dallas County, Texas. His arrest is claimed to have been illegal, as well as a subsequent search of the Butler home. As to the search thereof, Butler's wife, who was present at such search which was made in Butler's absence, gave her consent thereto, so the evidence shows, and we think that under the testimony, it is also shown that the arresting officers had been informed that two described persons had committed a felony at a place quite a distance away from Dallas and that they were about to escape; that they were driving a certain numbered and described automobile, and a description of the two men had been given them; that they saw this automobile parked in front of the place where Butler lived; that they entered therein and found two men who fitted the description given them and they arrested both of them; that they were taken back to Clay County and there filed upon. We think this arrest was justified under the statute. See Art. 215, Vernon's Ann. Tex. C. C. P., and cases cited under said article in the 1946 Pocket Part; also Warren v. State, 130 Tex. Cr. R. 456, 94 S. W. (2d) 463.

It is evident from the record that the persons committing the robbery were in the automobile found in front of Butler's home quite a distance away from Clay County, and had evidently fled from such county to Dallas County; that apparently the names of these perpetrators were unknown but a description of them was in the hands of the officers who, after seeing the automobile, entered the Butler home and there found the two described men and placed them under arrest; and the jury evidently thought they were the men seen in Clay County on the night of the burglary.

We do not think that the fact that these men were not taken before a magistrate in Dallas County immediately after their arrest would render inadmissible the many facts found upon a search of their persons in Clay County where they were finally placed in jail.

On the morning following the burglary in Clay County, the arresting officers were informed of the number of the car suspected to have been used in the escape of the burglars; that after ascertaining the name and residence of such owner, they found such car and two men answering the description given them by the Clay County witnesses, who had seen them on the night of the robbery. This caused the arrest of such men. The house was not searched at such time, but later upon a return thereto, when the consent of Butler's wife was given, the officers then made a search thereof, but no mention is made in the facts showing what was therein found as belonging to appellant. It is further not shown that this was the home of appellant but only that of Butler, his alleged companion. Therefore, appellant has no right to complain of the search thereof. See Yeager v. State, 106 Tex. Cr. R. 462, 294 S. W. 200, where it is said, in a quotation from Cornelius on Search and Seizure, Sec. 12, as follows:

"The right to complain because of an illegal search and seizure is a privilege personal to the wronged or injured party, and is not available to any one else."

See also Lee v. State, 185 S. W. (2d) 978; Phariss v. State, 137 Tex. Cr. R. 469, 131 S. W. (2d) 965.

Appellant vigorously contends that this being a case of circumstantial evidence, the testimony is insufficient to uphold a conviction in that same does not exclude every other reasonable hypothesis than that of appellant's guilt. The testimony does show that some fifteen miles from Byers, where the burglary occurred, appellant and his companion were seen on the night of the burglary; that they had some minor repairs done to their car at a filling station and told some contradictory stories as to where they had been, and one of them gave an assumed name, whereupon the number of their car was taken; that later, on the same night, some one blew open with high explosives a safe belonging to Mr. Sledge at Byers, the circumstances pointing strongly to the fact that the burglars were in search of narcotics, and Mr. Sledge lost about $200.00 in money and also an amount of narcotics in such burglary, a part of which was the drug, morphine; that a violet or red dye of

some kind was in the safe and in the explosion was scattered over the floor, and broken bottles and broken glass were present as evidence of the explosion. Appellant was found with some dye on a hat worn by him, some dye on a pair of shoes that were traced to him, some broken and shattered glass with dye on it was in the cuff of his trousers, and a pellet of morphine was found in his pocket. A rather substantial sum of money was taken from his person. All these things were taken to the Department of Public Safety, and an expert chemist testified that the dye-stained articles found on appellant were stained by the same substance as the articles found on the floor of the store immediately after the burglary was discovered; that the matters found in the cuff of appellant's trousers were of the same color and texture as that scattered over the burglarized store; that the reddish substance (carmine) found on appellant's hat was identical with the carmine which was in the safe and found after the burglary; that the same dye was found on the soles of some shoes recovered as belonging to appellant. Under these circumstances, we think it was sufficiently shown that it was the jury's conclusion that appellant was present when this safe was blown open and robbed and took part in such transaction.

We see no error shown herein, and the judgment of the trial court is therefore affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant has filed a motion for rehearing after affirmance of the judgment of conviction on October 22, 1947, in which motion he again urges the same grounds upon which reversal of the judgment was originally sought.

The record was reviewed with much care upon consideration of the State's motion for rehearing which resulted in our opinion delivered on October 22, 1947. It occurs to us that it would add nothing to the jurisprudence of the State to enlarge upon what was said in the opinion last referred to.

Believing it properly disposed of the case, appellant's motion for rehearing is overruled.