## HILLA B. DARDEN V. STATE

No. 25585. December 19, 1951.

Hon. Willis M. McGregor, Judge Presiding.

*Al Templeton, F. T. Gauen, Jr.* and *W. R. Sessions,* Dallas, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was found guilty of a charge of burglary and the jury's verdict recites that he had theretofore been twice convicted of burglary, as charged in the indictment. A life sentence in the penitentiary was assessed as a consequence of this finding.

The record contains no bills of exception and no statement of facts. A brief filed by attorneys other than those who represented appellant on the trial of the case attacks the sufficiency of the indictment to allege the former convictions. There is no complaint of the indictment so far as it alleges the primary offense and states the date of the commission of the offenses as October 26, 1950. A further paragraph in the indictment alleges that H. B. Darden, "who is hereinbefore charged," was theretofore convicted on May 9, 1949 of a burglary committed on January 18, 1949, and that such conviction was final. Another paragraph followed alleging that Hilla Buster Darden, "who is hereinbefore charged," had a final conviction for burglary on January 15, 1947, for a burglary committed on September 4, 1946.

It is the contention on this appeal that the indictment is invalid insofar as it attempts to allege the former convictions and, therefore, the judgment against him fixing a life sentence is void.

The indictment first named Hilla B. Darden. The following paragraph alleging the prior conviction of H. B. Darden says in effect that he is the person hereinabove charged. It could mean nothing other than that the H. B. Darden in that conviction is the same person as the Hilla B. Darden on trial. The next

paragraph names Hilla Buster Darden and the above quoted allegation could mean nothing other than that he is the same person as H. B. Darden and as Hilla B. Darden.

What the evidence shows on the subject is not to be found in the record but we must presume that it was sufficient to show he was the identical person formerly charged and convicted of the offense of burglary. If the proof challenges this it should have been brought before this court for consideration.

We think the language is sufficient to show that the first offense and final conviction dated January 15, 1947, was before the offense on January 18, 1949, and that the final conviction in that case dated May 9, 1949, was prior to the commission of the offense for which he was on trial in the case before us. We cannot consider matters other than those which we find in the record. This appears to be regular and the judgment of the trial court is affirmed.