ERNEST ELMER CRUME, JR. V. STATE

No. 29,404. January 8, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) February 12, 1958.

*Richard Haynes*, Houston, for appellant.

*Dan Walton*, District Attorney, *Thomas D. White, Charles C. Castles*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for robbery by assault, with punishment assessed at confinement in the penitentiary for life by reason of an allegation of a prior conviction for an offense of like character.

The sufficiency of the count charging the prior conviction is attacked as being indefinite.

It was alleged that "on the 11th day of June A.D., 1952, in the Criminal District Court No. 2 of Harris County, Texas, the said ERNEST ELMER CRUME, JR., under the name of ERNEST ELMER CRUME was duly and legally convicted, in said last named court, of an offense of like character and of the same nature as that hereinbefore charged against him in this cause, to wit, the offense of Robbery by Assault, upon an indictment then legally pending in said last named court and of which the said court had jurisdiction, and the said conviction was a final conviction."

It is appellant's contention that the number and style of the case should have been stated so as to make more definite the allegation of prior conviction.

While it would have been the better practice, perhaps, to have him given the number and style of the case, we are unable to agree that the failure, here, to do so vitiates the count in the indictment as being vague and indefinite. In support of this conclusion, see: Palmer v. State, 128 Texas Cr. Rep. 293, 81 S.W. 2d 76; Darden v. State, 156 Texas Cr. Rep. 527, 244 S.W. 2d 231; Smith v. State, 131 Texas Cr. Rep. 472, 99 S.W. 2d 937; Branch's P.C., p. 677.

No statement of facts upon the merits of the case accompanies the record.

No reversible error appearing, the judgment of the trial court is affirmed.