**Flemln GASKIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35209.

Court of Criminal Appeals of Texas.

Jan. 30, 1963.

Rehearing Denied March 13, 1963.

No attorney on appeal, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Carol S. Vance, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The offense is possession of marijuana; the punishment, four years.

Officer Gray, of the Narcotics Division of the Houston Police Department, testified that about 6 P.M., May 20, 1959, while accompanied by Officer Stringfellow, they went to an upstairs garage apartment; and that when he was almost to the top of the outside stairway he could smell the strong odor of what he believed was burning marijuana coming from the apartment. From the top of the stairway and through a screen door, the wooden door being open, he saw the appellant, Lorenzo Jackson, Paley Graves and Willie Stevenson seated around a coffee table with a shirt box on top of it

and little piles of green substance around it. They had cigarette papers and were rolling cigarettes out of this green substance which in his opinion was marijuana, and the appellant "had rolled a cigarette up and was punching the end of the cigarette," and "I walked in and took the cigarette out of Gaskin's (appellant) right hand," and took possession of the green substance which would make 45 or 50 cigarettes like the ones they had rolled.

The testimony of Officer Stringfellow was substantially the same as that of Officer Gray.

In his written statement offered in evidence by the state, the appellant stated that shortly after he arrived at a friend's house, and while "we" were rolling marijuana cigarettes, the officers came and took all the marijuana on the coffee table and one marijuana cigarette which he had.

The contents of the cigarette and the green substance were offered in evidence and a chemist who had made an analysis of them testified that they were marijuana.

Testifying in his own behalf, the appellant stated that he had gone to the apartment of Lorenzo Jackson to help him prepare for a civil service examination. After he had been there about ten minutes, Willie Stevenson came into the apartment carrying a box. Appellant denied having or seeing any marijuana until the arrival of the officers who opened the box Stevenson had brought; that he had never seen the marijuana cigarette before the trial which the state claims that he had in his hand. He further testified that the facts related in the written statement introduced by the state that he had any marijuana were not true, and that he signed it because the officers whipped and abused him, and he offered other testimony to support his charge of abuse.

The appellant called Jackson and Graves who testified that the first time they saw any marijuana in the apartment was when Gray opened the box Stevenson had brought

and (Gray) said that the substance in it was marijuana. Although both, on cross-examination, admitted they had been convicted on their pleas of guilty to possession of the same marijuana.

The involuntary character of the written statement was submitted to the jury.

■ The evidence is sufficient to sustain the conviction.

■ No brief has been filed on behalf of the appellant. The question of the entry of the officers being unlawful is controlled by the companion case of Stevenson v. State, 169 Tex.Cr.R. 431, 334 S.W.2d 814. There we said:

"Appellant resided elsewhere, and is in no position to complain that the entry of the officers into the apartment building without a search warrant was unlawful."

Stevenson v. State, supra, and the cases there cited are applicable and controlling.

The judgment is affirmed.

Opinion approved by the Court.

MORRISON, Judge (concurring).

I concur in the affirmance of this conviction but, because of the recent holdings of the Supreme Court of the United States in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, and Jones v. U. S., 362 U. S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, I cannot agree that appellant had no standing to complain of the search. I do, however, find that the evidence is sufficient to show that this search was made with the consent of Willard Henry. Officer Gray testified, in the absence of the jury, that Henry told him that he owned the apartment, exhibited a key to him, was with Gray and Stringfellow at the time of the search, and gave them permission to enter.

The court heard the conflicting testimony of Henry and decided the issue of consent against appellant.