**John Lonnie ROY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–81–0205–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 23, 1981.

William H. Hoover, Walter J. Pink, Houston, for appellant.

Palmer Kelly, Asst. Dist. Atty., Houston, for appellee.

Before SMITH, BASS and DYESS, JJ.

SMITH, Justice.

The appellant was found guilty by a jury of aggravated robbery, and the court assessed his punishment at fifteen years.

The appellant alleges seven grounds of reversible error: (1) failing to quash the jury panel based on the State's discriminatory use of peremptory challenges; (2) limiting the appellant's voir dire; (3) failing to submit a charge on the issue of mistaken identity; (4) failing to suppress the complainant's in-court identification of the appellant; (5) failing to sustain the appellant's challenge for cause on a venireman; (6) giving of oral instructions to the jury during the closing arguments; and (7) insufficiency of the evidence as a matter of law in finding the appellant guilty of the charge of aggravated robbery.

Succinctly stated, the evidence adduced by the State reveals that on January 8, 1980, at approximately 7:30 p.m., the appellant entered a C.M.C. Stereo Sales Store, approached a salesman, pulled a revolver out of a brown paper bag, pointed it at the salesman and demanded cash. After receiving the cash, the appellant fled. The salesman, Mr. Grant, and another store salesman identified the appellant in a photo spread and in a line-up. An in-court identification was also made.

The appellant asserts in his first ground of error that the State made discriminatory use of peremptory challenges to strike blacks from the panel, thereby eliminating all blacks from the jury in this case.

The United States Supreme Court, in *Swain v. State of Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), stated that to pose the issue of discriminatory use of peremptory challenges against a negro, the defendants must show the prosecutor's systematic use of peremptory challenges against negroes over a period of time. In the instant case, the appellant failed to attempt, by testimony or other evidence, to show systematic exclusion. The appellant's first ground of error is overruled.

The appellant contends in his second ground of error that the trial court erred in limiting his voir dire to forty-five minutes, for the reason that many of the veniremen were expressing racial prejudice toward the appellant. The record reflects that the trial court informed the State and the appellant at the start of the trial that they would have forty-five minutes each for their voir dire, and that during the course of the voir dire the trial court warned the appellant's counsel that he was running out of time. It further reflects that the appellant's counsel was given an additional ten minutes to complete his voir dire and, although admonished by the court to move along, the appellant's counsel did not attempt to ask questions of the panel. After a monologue by the appellant's counsel, the State objected, and once again the court admonished the appellant's counsel by sustaining the objection and stating, "if you have questions to ask the panel, Mr. Pink, please ask them." After the second admonition by the court, the appellant's counsel continued his monologue to the jury panel without asking questions of the panel members. After counsel had used his additional ten minutes, the court advised him that his time was up, at which time he objected to the court's refusal to allow him to continue his voir dire.

 The courts of Texas will not condone the arbitrary limitation of voir dire, *Barrett v. State*, 516 S.W.2d 181, 182 (Tex. Cr.App.1974), but the trial judge must have wide discretion over the course of voir dire examination of a jury panel. *Abron v. State*, 523 S.W.2d 405 (Tex.Cr.App.1975). The proper utilization of time in conducting

a voir dire of a jury panel is of paramount importance. A review of the record reflects that the appellant's counsel expounded upon the function of the court, the jury, counsel for both parties, and the jury system. The trial court in this instance was patient with the appellant's counsel and was considerate enough to extend his time for completing his voir dire by ten minutes. The trial court's time limitation placed on the voir dire did not prevent the appellant from intelligently exercising his peremptory challenges. Although the appellant objected to the court's ruling, he did not ask for a bill of exception and, as he did not put into the record a list of questions to be asked of the unquestioned panel members, we have nothing to review. The appellant's second ground of error is overruled.

The appellant next contends that the trial court erred in failing to submit a requested affirmative charge on the issue of mistaken identity. Witnesses in this case identified the appellant during a photo spread, in a line-up, in a second photo spread, and made an in-court identification. The arresting police officer testified that one of the witnesses did not recognize the appellant, but the witness's testimony on appellant's identification was clear and positive.

 Mistaken identification is not an affirmative defense, and the appellant was adequately protected by the charge's requirement that the jury find beyond a reasonable doubt that the appellant committed the offense. *Wilson v. State*, 581 S.W.2d 661 (Tex.Cr.App.1979), *Waller v. State*, 581 S.W.2d 483 (Tex.Cr.App.1979). The appellant's third ground of error is overruled.

 The appellant asserts in his fourth ground of error that the trial court erred in refusing to suppress the in-court identification of the appellant, for the reason that the photo spread was tainted by the police officer's suggestion that the robber's picture was in the photo spread, as well as the fact that the appellant's photo was the only one in which a man was wearing a ski cap. One of the distinguishing characteristics of the robber of the C.M.C. store was that he was wearing a ski cap.

The Texas Court of Criminal Appeals, in *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Cr.App.1978), enumerated the factors to be considered in determining the origin of an in-court identification as follows: (1) the prior opportunity to observe the alleged criminal act; (2) the existence of any discrepancy between any pre-lineup identification and the defendant's actual description; (3) any identification of another person prior to the lineup; (4) the identification by picture of the defendant prior to the lineup; (5) failure to identify the defendant on prior occasions; and (6) the lapse of time between the alleged act and the lineup identification.

In the instant case, the testimony of the identifying witness, Mr. Grant, clearly shows that his prior observation of the appellant during the offense was sufficient to serve as an independent origin for the in-court identification. The record shows that Mr. Grant viewed the appellant face-to-face for two to three minutes and gave a physical description of the robber which matched the actual characteristics of the appellant. Mr. Grant made an in-court identification of the appellant as being the robber, and testified that he could identify the appellant even if he had not been to the lineup or seen the photographs. Mr. Grant's identification was positive, clear and direct, and there is nothing in his testimony that would suggest or infer that his testimony was tainted by the police officer's suggestion that the robber's picture was in the photo spread or that the appellant's photo was the one in which a man was wearing a ski cap. The appellant's fourth ground of error is overruled.

The fifth ground of error alleged by the appellant is that the trial court committed reversible error by denying a challenge for cause when a venireman stated that she has a fear of blacks and felt that she could not be fair in this particular case.

The record reflects that this same potential juror, when questioned by the prosecutor and court, testified that she would require the State to prove the defendant guilty beyond a reasonable doubt, and the fact that the defendant was black would not enter into her deliberations. The appellant requested that this potential juror be struck for cause, stating that the record reflected that he had exhausted all of his peremptory challenges, and requested the court to grant him more peremptory challenges. The court replied that the appellant had not yet made any peremptory challenges. The appellant replied that he had made some, but he did not specifically state that he had used up all his peremptory challenges, and did not state that he would have struck this venireman if he had been allowed more peremptory challenges.

■ The court is the judge of the qualifications of a juror. Article 35.21 Texas Code of Criminal Procedure. It has long been held that great discretion is vested in the trial judge in passing on the qualifications of a juror. *Sullenger v. State*, 79 Tex.Cr.R. 98, 182 S.W. 1140 (1916). The trial court has the responsibility under Article 35.21 for determining qualifications of a prospective juror when a challenge is made. *Villarreal v. State*, 576 S.W.2d 51 (Tex.Cr. App.1978). In this case the appellant has not shown that the denial of his challenge for cause deprived him of a peremptory challenge that he would have used to strike the venireman in question. See *Hernandez v. State*, 563 S.W.2d 947, 948 (Tex.Cr.App. 1978), and *Wolfe v. State*, 147 Tex.Cr.R. 62, 178 S.W.2d 274 (1944). The appellant's fifth ground of error is overruled.

■ The appellant's sixth ground of error asserts that the trial court erred by giving oral instructions to the jury during the closing arguments and that such instruction improperly highlighted and brought unnecessary attention to the appellant's prior record for robbery.

The appellant's ground of error is based upon the following closing arguments made by the State:

Mr. Lambright: You know he is here charged with one aggravated robbery and you know he has been convicted of it before. Don't convict him because of that.

Mr. Pink: At this time we bring the Court's attention to the limiting instruction which I think is not in the charge. Limiting instructions as to his prior record. We would object to it at this time.

The Court: Members of the jury, the evidence concerning the defendant's having previously been convicted is admissible for the purpose of affecting his credibility, if it does do so, as a witness in his own behalf and is not to be considered by the jury for any purpose whatsoever on the issue of whether he is guilty or not guilty.

The appellant contends that this limiting instruction by the court brought unnecessary attention to the appellant's prior prison record. We do not agree with the appellant's position. It was the appellant's objection that brought about the instruction and we perceive nothing prejudicial to the appellant in the court's instruction. The appellant's sixth ground of error is overruled.

The appellant's last ground of error complains of the insufficiency of the evidence. The appellant states that the witness Grant did not positively identify the appellant, but the record reflects that Mr. Grant testified that he identified the appellant in a photo spread, in a lineup, in a second photo spread and made an in-court identification of the appellant. Another witness was not able to identify the appellant in a lineup; however, the fact that some witnesses failed to identify the defendant does not indicate that the defendant was not present and participating in the robbery. The positive identification of the appellant as one of the participants in the robbery is sufficient to support his conviction. *Jones v. State*, 500 S.W.2d 661 (Tex. Cr.App.1973).

Where the sufficiency of the evidence is challenged, the appellate court must review the evidence in the light most favorable to the verdict. *Clark v. State*, 543 S.W.2d 125 (Tex.Cr.App.1976). If there is any probative evidence on all the elements necessary to establish the commission of the offense by the defendant, which if believed by the jury would justify a finding of guilt, the verdict must be sustained. *Vera v. State*, 499 S.W.2d 168 (Tex.Cr.App.1973); *Floyd v. State*, 494 S.W.2d 828 (Tex.Cr.App.1973). We hold that there is sufficient evidence to support the jury's finding of guilt. The appellant's seventh point of error is overruled and the judgment of the trial court is affirmed.