SQUARE TAYLOR V. THE STATE.

No. 19105.   Delivered June 16, 1937.

The opinion states the case.

*Jimmie Cunningham,* of Graham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor in a dry area for the purpose of sale; punishment, a fine of $100.00.

Appellant's motion to quash the complaint and information because same did not negative the exceptions contained in the statute was properly overruled. See Baker v. State, cause No. 18,666, opinion handed down June 2, 1937. (Page 527 of this volume).

Appellant complains in various ways of the reception of the evidence obtained by search under a search warrant. The place searched appears in nowise to have been under the control or management of appellant, and did not belong to him. Under all the authorities he is in no position to complain.

We see nothing in appellant's proposition that it was error to allow the State to prove that appellant's wife was running a beer tavern, and that he was assisting her in its operation. Nothing in such proof would appear to prevent proof, if same could be made, of the fact that he possessed intoxicating liquor for the purpose of sale.

We find nothing in appellant's complaint of the evidence showing the method and manner by which the area in question was voted dry.

The most serious question in this case is the sufficience of the testimony. The statement of facts shows that the premises where the Aeroplane Tavern was located belonged to Bob Wright, who lived at said tavern. The facts also showed that some twenty-five yards from said tavern was what was called a "trailer house," and that the alleged intoxicating liquor was found by the officers in said trailer house. In the agreed statement of facts it is admitted that this house was under the control of Bob Wright. The statement of facts is not in a very satisfactory form as it does not contain the transcribed testimony of the several witnesses, but seems to be a purported agreement of the several attorneys for the State and the defendant as to what the facts are. In a criminal case, where

witnesses appear and testify, in most cases it is unsatisfactory for the actual testimony not to be produced and an agreed statement of facts substituted. As far as we can tell from the statement of facts before us, the house in which the liquor was located not only belonged to Bob Wright, but was in his care, control and management at the time of this alleged liquor possession. If this be true, appellant would not be guilty.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*