MARY GONZALES V. STATE.

No. 30,715. June 3, 1959.

*W. D. Hollars*, Plainview, for appellant.

*Frank Gaston*, County Attorney, Plainview, and *Leon Douglas*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The unlawful possession of beer in a dry area for the purpose of sale is the offense, with punishment assessed at a fine of $100 and thirty days in jail.

About seven o'clock, p.m., peace officers went to a private residence located at 302 Fir Street in Plainview for the purpose

of making a search thereof for intoxicating liquor, in obedience to the authority of a search warrant.

Appellant was at the residence at that time, together with others one of whom was an elderly woman.

One of the officers asked appellant if she lived at the place. Her reply was that she did and that her sister Frances Luna resided there with her. The officer then delivered the search warrant to appellant.

A search ensued, and the officers found in a back room of the residence four cases of beer "covered up with a blanket or quilt * * * " and they also found two cans of beer in the refrigerator, making a total of fifty 24-ounce cans of beer.

The search warrant is not before us and we are not apprised of its contents. The evidence shows that the warrant authorized the search of the residence. There was no showing that the warrant stated the name of the owner thereof or the person in possession or charge of the residence.

No objection was registered to the search.

Following the search, appellant was arrested and placed in jail.

It is for the possession of the beer so found that appellant stands convicted.

The state proved by the witness Francis Luna, appellant's sister, that she (Francis Luna) lived at 302 Fir Street, the residence searched. The witness denied any knowledge of or connection with the beer found in her house.

Upon cross-examination, the witness testified that appellant resided with another sister at 814 Elm Street.

The state also proved by one of the searching officers that prior to the search it was the information of the officers that the residence to be searched was in the possession of and rented by Francis Luna.

The foregoing is the testimony relied upon to sustain this conviction.

The appellant proved by a Mrs. Foster, who resided at 300 Fir Street, which property adjoined 302 Fir Street, that on the morning of the date of the seven o'clock, p.m., search she saw two men unload some boxes from a car and carry them into the house at 302 Fir Street; that she did not see appellant around the place at that time or during the day, and that Francis Luna lived at the house which was searched; and that appellant did not live there.

Testifying as a witness in her own behalf, appellant denied any knowledge of or connection with the beer or that she had any control or custody of the residence where the beer was found. She explained that she and her sister Louisa lived at 814 Elm Street, and that she had been at the home of her sister Francis Luna, at whose residence the beer was found, only a short time before the search, having gone there to accompany her to a dance. She insisted that she had worked the entire day and had not gone to her sister's home at 302 Fir Street until that evening.

The effect of appellant's testimony was that she could not understand English well and did not intend to tell the officers that she lived at the place searched.

Lolita Luna, daughter of Frances Luna, corroborated appellant as to the time she arrived at the house searched.

We are constrained to agree with the appellant that the facts are insufficient to warrant her conviction.

There is an absence of any testimony that appellant had any connection with, control of, or possession of the house where the beer was found.

The undisputed evidence shows that appellant was only temporarily in the home which was in the custody and possession of another and there was no evidence that appellant was aware of the fact that the beer was in the house.

See: Taylor v. State, 132 Texas Cr. Rep. 617, 106 S.W. 2d 1056, and Baker v. State, 154 Texas Cr. Rep. 340, 227 S.W. 2d 567.

The judgment in the instant case is reversed and the cause is remanded.